**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVEN FLOYD VOSS, ) | |
| Plaintiff, ) | |
| v. ) | 3:14-cv-66-RCJ-WGC |
| ISIDRO BACA et al., ) | **ORDER** |
| Defendants. ) | |

**I.   BACKGROUND**

On April 28, 2014, this Court issued a screening order that dismissed some claims and permitted some claims to proceed. (ECF No. 19 at 8-9). Specifically, the Court dismissed a portion of Count I and permitted the remainder of the claim to proceed. (*Id.* at 8). The Court permitted Counts II, III, and IV to proceed and dismissed Count V with prejudice, as amendment would be futile. (*Id.* at 8-9). The Court stayed the case for 90 days and ordered the parties to engage in informal settlement discussions. (ECF No. 19, 24). The case is currently in a 90-day stay. During the stay, Plaintiff filed the two pending motions.

**II.   MOTION TO COMPEL SERVICE OF DOCUMENTS BY U.S. MAIL (ECF No. 25)**

On May 8, 2014, Plaintiff filed an emergency motion asking the Court to enter an order compelling defendants and the Clerk of the Court to serve all past and future papers, pleadings, documents, and orders to Plaintiff via the U.S. mail. (ECF No. 25 at 2). Plaintiff seeks an order from this Court that prevents defendants and the Clerk of the Court from serving Plaintiff through the E-Filing Pilot Program at the Northern Nevada Correctional Center ("NNCC"). (*Id.*). Plaintiff argues that he has never been a participant of the program and does not wish to participate in the program. (*Id.*). Plaintiff argues that service through Pauline

1 Simmons, the NNCC law librarian, is unacceptable because she is a Nevada Department of
2 Corrections ("NDOC") employee and is not a neutral bystander. (*Id.* at 4). Plaintiff has not
3 consented to participate in the E-Filing Pilot Program. (*Id.* at 5).

4 In response, the defendants state that, on October 31, 2012, this Court signed an order
5 establishing the e-filing program between the Attorney General's Office and NNCC. (ECF No.
6 26 at 2). The program was to last for one year and then a decision would be made whether
7 to continue, modify, or discontinue the program. (*Id.*). The e-filing program continued past the
8 end of that one-year pilot period. (*Id.*). The language of the order instructs NNCC to use the
9 e-filing program and instructs CM/ECF users, such as the Attorney General's Office, to use
10 the e-filing program. (*Id.* at 3). Defendants argue that the e-filing program is mandatory
11 because there are no opt-in or opt-out options. (*Id.*).

12 In reply, Plaintiff argues that the "order" is nothing more than a memorandum which
13 memorializes an agreement between the Attorney General and the NDOC to participate in this
14 Court's e-filing pilot program. (ECF No. 31 at 2). Plaintiff argues that he is not a party to the
15 agreement and has not authorized any person to waive his rights or immunities to any degree
16 through that agreement. (*Id.* at 3).

17 The Court denies Plaintiff's motion to compel service of all documents through the U.S.
18 mail rather than through the e-filing program. On May 21, 2014, Chief Judge Gloria M.
19 Navarro signed General Order No. 2012-01 (First Amended) in *In the matter of: Electronic*
20 *Submission of Prisoner § 1983 Documents*. In that order, Chief Judge Navarro found that "the
21 Court, the NDOC, and the Office of the Attorney General have evaluated the pilot project and
22 determined that it should be continued permanently at NNCC." The Court finds that Plaintiff
23 has not presented a sufficient reason for the Court to order service by U.S. mail. Additionally,
24 Plaintiff is not suing the law librarian in this matter. As such, the Court denies Plaintiff's
25 motion. The Attorney General's Office and the Clerk of the Court may continue to serve
26 Plaintiff through the e-filing program. If Plaintiff refuses service through the e-filing program,
27 the document will be returned to the Court with a note reflecting that delivery was refused.
28 However, all deadlines within the Court's orders will remain in effect even if Plaintiff refuses

to accept service through the e-filing program.

### III. MOTION FOR LEAVE TO FILE TIME SENSITIVE PLEADINGS DURING STAY (ECF No. 27)

Plaintiff files a motion for leave to file a motion for reconsideration during the stay. (ECF No. 27 at 2). Plaintiff asks the Court to reconsider its dismissal of Count I in part and Count V. (ECF No. 27-1 at 2, 9).

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court has read Plaintiff's motion for reconsideration (ECF No. 27-1) and does not find that it committed clear error in its initial decision. As such, the Court denies Plaintiff's motion for leave to file time sensitive pleadings during the stay (ECF No. 27) and denies the motion for reconsideration (ECF No. 27-1). The 90-day stay will remain in effect. Plaintiff shall not file any other pleadings or papers during the remainder of the stay.

### IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motion to compel service of documents by U.S. mail (ECF No. 25) is denied.

IT IS FURTHER ORDERED that the motion for leave of court to file time sensitive pleadings during the stay (ECF No. 27) and the motion for reconsideration (ECF No. 27-1) are denied.

IT IS FURTHER ORDERED that the Clerk of the Court shall send Plaintiff a copy of this Court's General Order No. 2012-01 (First Amended) in *In re matter of: Electronic Submission*

*of Prisoner § 1983 Documents.*

IT IS FURTHER ORDERED that the Clerk of the Court and the Attorney General's Office shall continue to use the e-filing program in this case. If Plaintiff refuses to accept service through the e-filing program, the document will be returned to the Court with a note reflecting that delivery was refused. However, all deadlines within the Court's orders will remain in effect even if Plaintiff refuses to accept service through the e-filing program. To ensure that Plaintiff receives a copy of this order, the Clerk of the Court shall send Plaintiff a copy of this order and the general order specified above to Plaintiff through U.S. mail and through the e-filing service. All further orders from this Court shall be sent through the e-filing program only.

IT IS FURTHER ORDERED that the 90-day stay shall remain in effect and that Plaintiff shall not file any other pleadings or papers during the remainder of the stay.

Dated: This 6th day of June, 2014.

_____
United States District Judge