UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEVEN FLOYD VOSS, | ) | 3:14-cv-00066-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | August 28, 2014 |
| | ) | |
| ISIDRO BACA, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden     REPORTER:              FTR

COUNSEL FOR PLAINTIFFS:   Steven Floyd Voss, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANTS:   Andrea Barraclough, Esq.

**MINUTES OF PROCEEDINGS: Motion Hearing**

10:06 a.m.  Court convenes.

I.    **Preliminary Matters**

A.    **Defendants' "Motion to Strike Plaintiff's Judicial Notice (#40/#42)" (Doc. # 46)**

Defendants' motion to strike (Doc. # 46) pertains to a judicial notice regarding "Plaintiff's Motion for Summary Judgment" (Doc. # 37) which is no longer before the court and has further been superseded by "Plaintiff's Motion for Partial Summary Judgment, Against Defendant's" Isidro Baca; James (Greg) Cox; E.K. McDaniel; Shannon Moyle; Monica Navarro; Ronald Schreckengost; and Lisa Walsh" (Doc. # 39).

Therefore, Defendant's "Motion to Strike Plaintiff's Judicial Notice (#40/#42) (Doc. # 46) is **DENIED as moot**.

B.    **Local Rules Regarding Page Limitation**

The court notes Plaintiff's partial motion for summary judgment (Doc. # 39) is fifty-nine (59) pages long, not including the exhibits.  The court advises Plaintiff that the Local Rules limit filings, not including exhibits, to thirty (30) pages.

MINUTES OF PROCEEDINGS
3:14-cv-00066-RCJ-WGC
Date: August 28, 2014
Page 2

     Plaintiff requests permission to exceed the standard page limit as to his partial motion for summary judgment.  Plaintiff's oral motion to exceed the page limit is **GRANTED**.  In view of the 211 pages of exhibits and 59 pages of argument regarding Plaintiff's partial motion for summary judgment (Doc. # 39), the court cautions Plaintiff it will not favorably receive a request for further permission to exceed the page limit as to his anticipated reply.

II.     **Defendants' "Rule 56(D) Motion to Defer Consideration of Plaintiff's Partial Motion for Summary Judgment, or In the Alternative to Deny It Without Prejudice" (Doc. # 47)**

     Deputy Attorney General Andrea Barraclough argues Defendants need to conduct discovery relative to the subjects of Plaintiff's Partial Motion for Summary Judgment (Doc. # 39) in order to adequately respond.  Ms. Barraclough represents Defendants seek an additional one month to conduct discovery in order to file its opposition.

     Plaintiff objects to any additional time to conduct discovery and argues the court should deny Defendants' request.

     Hearing from the parties, the court finds good cause to extend the time in which Defendants have to respond to Plaintiff's motion for partial summary judgment (Doc. # 39).

     Therefore, Defendants' "Rule 56(D) Motion to Defer Consideration of Plaintiff's Partial Motion for Summary Judgment, or In the Alternative to Deny It Without Prejudice" (Doc. # 47) is **GRANTED**.

     In light of the court granting additional time for Defendants to respond to Plaintiff's partial motion for summary judgment, the "Plaintiff's Motion for Partial Summary Judgment, Against Defendant's" Isidro Baca; James (Greg) Cox; E.K. McDaniel; Shannon Moyle; Monica Navarro; Ronald Schreckengost; and Lisa Walsh" (Doc. # 39) is **DISMISSED without prejudice**.  However, Plaintiff's motion will be administratively re-filed by the clerk's office on Tuesday, September 2, 2014.  The court explains, Plaintiff does not need to take any action regarding this procedure and that the only difference related to his partial motion for summary judgment is the new filing date.

     Defendants' response to Plaintiff's partial motion for summary judgment (Doc. # 39) is due no later than **Monday, October 27, 2014.**  Plaintiff shall have up to and including **Friday, November 14, 2014**, to file his reply.

MINUTES OF PROCEEDINGS
3:14-cv-00066-RCJ-WGC
Date: August 28, 2014
Page 3

### III.  Scheduling Order

The court sets forth the following discovery deadlines:[1]

        Discovery cut-off: Friday, December 26, 2014;

        Amendment to pleadings/parties: Monday, October 27, 2014;

        Discovery motions: Thursday, January 8, 2015; and

        Dispositive motions: Monday, January 26, 2015.

### IV.  **Defendants' "Motion for Leave to File Confidential Medical Documents In Support of Defendants' Reply Brief Under Seal" (Doc. # 52)**

The court finds good cause to maintain Plaintiff's medical records, collectively referred to as Exhibits A-1 through A-3, under seal and shall not available for public review.

Therefore, Defendants' "Motion for Leave to File Confidential Medical Documents In Support of Defendants' Reply Brief Under Seal" (Doc. # 52) is **GRANTED**.

Ms. Barraclough advises the court the Warden's office has received the sealed exhibits and Plaintiff will need to kite the Warden's office (not medical) to review the sealed documents. Ms. Barraclough advises Plaintiff to ensure his kite request includes the instant case number.

The court requests Ms. Barraclough to contact the Warden's office again and coordinate a sufficient, reasonable amount of time for Mr. Voss to review his entire medical file.

### V.  **Plaintiff's "Motion to Strike Defendants' Confidential Exhibits (Docket # 54?), Filed Under Seal, In Support of Defendants' Motion to Defer Consideration of Plaintiff's Motion for Summary Judgment, or In the Alternative to Deny Without Prejudice (Docket # 47)" (Doc. # 57)**

The court addresses each of Plaintiff's requests as identified in his motion and orders the following:

(1) In view of the limited amount of pages contained in Defendants' Exhibits A-1 through A-3, it is not necessary nor does the court direct Defendants to file an index as to Exhibits A-1

---

[1] The court will enter a formal scheduling order forthwith.

MINUTES OF PROCEEDINGS
3:14-cv-00066-RCJ-WGC
Date: August 28, 2014
Page 4

through A-3;

    (2) The court will not order Defendants to serve copies of all exhibits filed under seal by Defendants to Mary Louise Duplin.  The court will entertain a motion to renew this request at a later date should Mr. Voss take the appropriate measures to release medical records to a third party;

    (3) Plaintiff shall follow the Nevada Department of Corrections ("NDOC") procedures regarding any request to review medical records.  The court notes it has already requested Ms. Barraclough to arrange sufficient time for him to review his medical file.

    Therefore, Plaintiff's "Motion to Strike Defendants' Confidential Exhibits (Docket # 54?), Filed Under Seal, In Support of Defendants' Motion to Defer Consideration of Plaintiff's Motion for Summary Judgment, or In the Alternative to Deny Without Prejudice (Docket # 47)" (Doc. # 57) is **DENIED**.

**VI.**    **Discussion Regarding Electronic Filing**

    Mr. Voss indicates there have been discrepancies in the total number of pages of a document he submits to the to the law-library compared to the electronically filed document submitted to the court.  Mr. Voss states there is no way to verify if the documents he submits to the law library are in fact being scanned as presented in its original form.  Mr. Voss requests the court to order the law library personnel to provide a complete copy of any document after it is filed with the court's electronic filing system (CM/ECF).

    The court explains it is not in the position nor will it entertain an oral request at this time to issue an order directing the NDOC law library personnel to provide a copy of a document after it is filed through CM/ECF.  The court suggest Mr. Voss speak with the law library personnel first to see if there is any way to verify the number of pages of a document when it is submitted to CM/ECF; otherwise, Mr. Voss should file a grievance with NDOC to appropriately address this issue.

**IT IS SO ORDERED.**

10:40 a.m.  Court adjourns.

                                                    LANCE S. WILSON, CLERK
                                                    By: _____/s/_____
                                                      Katie Lynn Ogden, Deputy Clerk