# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEVEN FLOYD VOSS, | ) | 3:14-cv-00066-RCJ-WGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| | ) | **re: Doc. # 70** |
| ISIDRO BACA, et al., | ) | |
| Defendant. | ) | |

Before the court is Plaintiff's Motion for Disclosure of Deposition Transcript (Doc. # 70).[1] Defendants have responded (Doc. # 71) and Plaintiff has replied (Doc. # 78).

Plaintiff's motion, insofar as Plaintiff requests a copy of the transcript of his deposition, is moot because Defendants state, and Plaintiff acknowledges, he has been provided a cop of his transcript. (Doc. # 71 at 2; Doc. # 78 at 3.)

Plaintiff's comment about the Defendants' failure to secure a court order to take the deposition of an inmate (Fed. R. Civ. P. 30(a)(3)(B)) is noted by the court. However, inasmuch as the Plaintiff apparently consented to his deposition being taken without a court order, any objection which Plaintiff might have asserted was waived.

Defendants also argue the court, when granting the Defendants' Rule 56(d) motion to defer (Doc. # 47) resolution of Plaintiff's motion for summary judgment, allowed the defendants to depose the inmate Plaintiff. (Doc. # 71 at 2.) This is a liberal interpretation of both Defendants' motion (Doc. # 47) and the Minutes of the Court (Doc. # 60).

---

[1] Refers to court's docket number.

The court, however, has admittedly not listened to the court's recording of the August 28, 2014 hearing which Defendants state would verify the court' ruling. But assuming the issue of approving Plaintiff being deposed was addressed by the court (even though such an important issue was not included in the minutes), had Plaintiff declined to proceed with the deposition, the Defendants would have had nothing in writing to confirm the court specifically allowed the deposition of an inmate. The court nonetheless assumes Defendants' counsel's characterization of the proceedings is accurate and the court addressed – and permitted – Plaintiff's deposition to proceed. However, in the future, Defendants' counsel would be well advised to seek an order of the court specifically allowing an inmate Plaintiff's deposition to proceed. Fed. R. Civ. P. 30(a)(2)(B).

Last, Plaintiff's reply memorandum (Doc. # 78) takes issue with the content of the transcript, contending the transcript "omitted portions of the proceedings." Plaintiff requests the court to provide Plaintiff "an unredacted copy of the stenographer's verbatim stenotype notes." (*Id.* at 3.) From the undersigned's experience with depositions, a court reporter's (stenographer) notes are almost a foreign language. Providing Plaintiff those notes would be meaningless. Plaintiff's remedy is that when he reviews the transcript, he should identify the allegedly omitted text in his Rule 30(e)(1((B) "statement."

Plaintiff's request for a transcript of his deposition is **DENIED AS MOOT.** Plaintiff's request for the "stenographer's verbatim stentoype notes" is **DENIED.**

IT IS SO ORDERED.

DATED:  October 31, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE