UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEVEN FLOYD VOSS, | ) | 3:14-cv-00066-RCJ-WGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| | ) | **re: Doc. # 87** |
| ISIDRO BACA, et al., | ) | |
| Defendant. | ) | |

Before the court is Plaintiff's "Motion to Defer Consideration of Plaintiff's Motion for Partial Summary Judgment (Docket #39), Defendant's Cross-Motion to Dismiss Plaintiff's ADA and RA Claims (Docket #74), and Plaintiff's Motion to Strike Defendant's Exhibit-D (Docket #80); In the Pendency of Plaintiff's Objection to Order of Magistrate Judge (#79), (Docket #   )." (Doc. # 87).[1]

The gravamen of Plaintiff's motion is that because of Plaintiff's objections (Doc. # 86) to this court's order regarding the propriety of Plaintiff's deposition (Doc. # 79), the court should therefore defer consideration of various other motions until his objections are resolved.

The court's order to which Plaintiff objects is Doc. # 79 and addressed, among other items, Plaintiff's Motion for Disclosure of Deposition Transcript (Doc. # 70). The court determined Plaintiffs' request for a copy of the transcript of his deposition was moot because he acknowledged receipt of the transcript. (Doc.# 79.) The court also declined to order production of the "unredacted copy of the stenographer's verbatim stenotype notes." The court concluded such notes, akin to a court reporter's "foreign language," would be of no assistance to Plaintiff. (*Id*.) The court also ruled that while there may

---

[1] Refers to court's docket number.

have been an issue about whether a court order was secured in advance of Plaintiff's deposition, Plaintiff consented to the taking of his deposition. (*Id.*) [2]

Plaintiff's argument the deposition transcript allegedly omits certain portions of his examination can be addressed further with respect to Plaintiff's motion to strike the deposition as an exhibit from Defendants' motion for summary judgment. (Doc. # 80.)

The court does not perceive any merit to Plaintiff's motion to delay consideration of the motions Plaintiff references while awaiting a ruling on the merits, if any, to Plaintiff's objections (Doc. # 86).[3]

Plaintiff's motion (Doc. # 87) is **DENIED**.

IT IS SO ORDERED.

DATED: November 13, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[2] See Exhibit D, Doc. # 74-7, pp. 4-7, where Plaintiff voiced his objection to the taking of his deposition but agreed to proceed. Fed. R. Civ. P. 30(a)(2)(B), which requires a court order for the taking of an inmate's deposition, was incorrectly cited in this court's order, Doc. # 79 at 1, as "30(a)(3)(B)." The correct citation, however, 30(a)(2)(B), was utilized at page 2 of the order.

[3] If District Judge Robert C. Jones were to overturn this court's order, the only apparent consequence would likely be that Plaintiff's deposition would be vacated, that upon re-application an order would be entered allowing for Plaintiff's deposition, that Plaintiff's deposition would be taken and that the new deposition transcript would be substituted in place of the original. All that would be accomplished would be delaying the inevitable.