**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVEN FLOYD VOSS, ) | 3:14-cv-00066-RCJ-WGC |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ISIDRO BACA, et al., ) | |
| Defendant. ) | |

Before the court are "Plaintiff's Motion to Strike Defendant's Exhibit D (Docket # 73-4, and # 74-4)" (Doc. # 80)[1] and "Plaintiff's Motion to Strike Defendants' Reply to Plaintiff's Response to Defendants' Cross-Motion to Dismiss Plaintiff's ADA and RA Claims, and Motion to Strike Defendants' Exhibits to Their Reply to Plaintiff's Response to Defendants' Cross-Motion to Dismiss Plaintiff's ADA and RA Claims" (Doc. # 90, as corrected in Doc. # 101).

In Doc.# 80, the Plaintiff seeks an order to strike the use of his Deposition Transcript filed as Exhibit D. (Docs. ## 73-4 and 74-4.) Plaintiff contends the Defendants noticed his deposition without first obtaining leave of court to depose a prisoner as is required by Fed. R. Civ. P. 30(a)(2)(B). Defendants have responded (Doc. # 91) and Plaintiff has replied (Doc. # 94). Plaintiff's argument about striking his deposition transcript has also found its way into a more recent motion to strike filed by Plaintiff, referred to above. (Doc. ## 90, as corrected in Doc. #101.) Defendants have opposed. (Doc. # 102). No reply memorandum was submitted.

As the court interprets Plaintiff's latter motion (Doc. # 90/101), Plaintiff more broadly also seeks

---

[1] Refers to court's docket number.

to strike in its entirety Doc. # 89, Defendants' memorandum of points and authorities in reply to Plaintiff's response to defendants' cross motion to dismiss Plaintiff's ADA and RA claims, or alternatively, the exhibits which accompanied Defendants' reply memorandum. Plaintiff contends Defendants' reply is premised upon and supported by inadmissible evidence, which he states includes the aforementioned transcript of Plaintiff's deposition used in Defendants' filings (Docs. ## 73, 74) and also Exhibits A through F attached to Defendants' reply (Doc. # 89) as Docs. ## 89-1, 89-2, 89-3, 89-4, 89-5 and 89-6. Plaintiff contends that Exhibits A through F are either "inadmissable (sic) evidence" by reason of their stature as settlement discussions or that under Fed. R. Civ. P. 12(f), the exhibits constitute an "impertinent or scandalous matter." (Doc. # 101 at 6.) The gravamen of Plaintiff's arguments are that his deposition was taken improperly (i.e., without having first secured an appropriate order of the court authorizing an inmate deposition to go forward), and that the letters contain communications that are considered settlement discussions. (*Id*.)

Defendants argue that the logistics and technicalities of the deposition notice for plaintiff's deposition, and the taking of his deposition, have been previously addressed by the parties. Defendants adopt by reference their prior arguments (Doc. # 102, referencing Doc. ## 80, 91, 94.)  With regard to the confidential nature (i.e., settlement discussions) of the exhibits, if any, Defendants argue that Plaintiff himself has used communications which may be of a confidential nature and he has thus "opened the door." (Doc. # 102 at 5-6). Defendants also contend the exhibits were submitted for purposes other than revealing confidential settlement discussions, and were "for the sole purpose of demonstrating that neither defense counsel nor Warden Baca were untruthful with the court, which was the crux of Plaintiff's opposition." (Doc. # 102 at 5.)  Defendants further argue that there are no legal grounds to strike the Declaration of Warden Baca (Exhibit F) and that Plaintiff's disagreement with the Warden's representations are insufficient grounds to strike the Declaration.

This order addresses Plaintiff's motions (Docs. ## 80 and 90/101) only with respect to the request to strike and prohibit the use of the deposition of the Plaintiff. Plaintiff's contentions the deposition was taken without the blessing of a formal court order has been previously addressed and rejected by the court (See. Docs. ## 79, 88).  The court's order also concluded Plaintiff consented to Defendants' proceeding with his deposition. (*Id*. at 1).

Fed. R. Civ. P. 12(f), i.e., striking scandalous or impertinent matters, is not an appropriate ground for striking either the deposition, the Baca declaration or the various letters. Rule 12(f) only pertains to pleadings, not motions. A motion is not a pleading. Rule 7. Even if Rule 12(f) pertained to motions, the court finds that the materials utilized by Defendants are neither "scandalous" nor "impertinent."

Therefore, the court **DENIES** Plaintiff's motions (Docs. ## 80, 90/101) with respect to the striking of Plaintiff's deposition attached as an exhibit to Defendants' Opposition to Plaintiff's Motion for Summary Judgment (Doc. # 73-4) and Defendants' Cross Motion for Summary Judgment (Doc. # 74-4) and **DENIES** Plaintiff's motion (Doc. ## 90/101) with respect to striking Defendants' reply to Plaintiff's response to Defendants' cross-motion to dismiss Plaintiff's ADA and RA claims (Doc. # 89).

The court **DEFERS** resolution of the propriety of Defendants' utilization of letters or correspondence containing comments on settlement discussions (i.e., Exhibits A- E, Doc. ## 89-1, 89-2, 89-3, 89-4 and 89-5) and the Baca Declaration (Exhibit F, Doc. # 89-6) until this court enters its Report and Recommendation to District Judge Robert Jones with respect to Plaintiff's motion for partial summary judgment (Doc. # 39) and Defendants' Cross Motion to Dismiss Plaintiff's ADA and RA Claims (Doc. # 74). The court will also consider at that time Plaintiff's contentions in his motion to strike (Doc. # 80) that certain portions of his deposition transcript were inaccurate or omitted. **IT IS SO ORDERED.**

DATED: February 18, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE