# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

_____

STEVEN FLOYD VOSS,

            Plaintiff,

      vs.

ISIDRO BACA et al.,

           Defendants.

_____

)
)
)
)
)
)
)
)
)
)
)

3:14-cv-00066-RCJ-WGC

**ORDER**

      This is a prisoner civil rights action brought under 42 U.S.C. § 1983.  Plaintiff has asked the Court to overrule three orders of the Magistrate Judge as clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a).

      First, on October 31, 2014, the Magistrate Judge denied Plaintiff's motion for Defendants to provide him with a copy of a transcript of Plaintiff's deposition as moot, because Defendants had already done so.  The Magistrate Judge also denied the motion insofar as it sought to strike or exclude the deposition, finding that he had approved Plaintiff's deposition, although he had not reviewed the audio recording of the August 28, 2014 hearing at which Defendants claimed the approval had been given.  The Court needn't review the recording or analyze whether Plaintiff waived this objection, because the motion to which the October 31, 2014 order pertains clearly only requested a copy of the transcript.  It did not attack the deposition as inadmissible or

otherwise.  Most of Plaintiff's argument in the present motion concerns the latter issue.  Anyway, Plaintiff consented to the deposition by his actions, i.e., by answering the questions put to him despite his contemporaneously objection to the deposition.  At a deposition that all parties agree is permitted, a party may preserve objections to specific questions, though the deponent must answer the questions if they do not implicate a privilege.  In such a case, answering does not indicate a waiver of objections made on the record.  But here, where the objection is not evidence-based, but rather concerns permission for the deposition to proceed at all, participation in the deposition must be interpreted as a waiver to such a challenge, even if evidentiary-based objections to particular questions may still be preserved.

Second, on December 9, 2014, the Magistrate Judge granted Defendants' motion to extend the discovery deadline before awaiting a response by Plaintiff, because the discovery deadline would expire in the meantime.  Plaintiff argues that the entry of the order without considering Plaintiff's objections was a violation of due process.  Plaintiff also notes that the deadline for Defendants to request an extension of discovery expired before they filed their motion to extend discovery.  As Plaintiff, notes, however, the deadline fell on a Saturday, so the motion was not in fact due until the following Monday, which was the day it was filed.  There was therefore no error in the Magistrate Judge considering the motion.  The questions remain whether the refusal to await objections by Plaintiff was contrary to law and whether there was good cause to extend the deadline.  There was good cause.  Defendants reasonably argued they needed an extension in the case it became necessary to depose Plaintiff again, seeing as Plaintiff had made objections to his prior deposition having been taken at all.  Next, the entry of the order extending time without considering objections thereto did not implicate due process, because notice and an opportunity to be heard are not constitutionally required for orders that "simply

preserve[] the status quo and do[] not finally affect the parties' rights." *In re Victoria Station, Inc.*, 875 F.2d 1380, 1386 (9th Cir. 1989) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Third, on February 18, 2015, the Magistrate Judge denied Plaintiff's motions to strike his deposition transcript and Defendants' reply as to their motion to dismiss, because those documents were neither pleadings subject to Rule 12(f), nor scandalous or impertinent even if they were subject to the rule.  This was no error.

## CONCLUSION

IT IS HEREBY ORDERED that the Objections (ECF Nos. 86, 104, 108) are DENIED.

IT IS SO ORDERED.

Dated this 25th day of March, 2015.

_____
ROBERT C. JONES
United States District Judge