# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN FLOYD VOSS, | |
| Plaintiff, | 3:14-cv-00066-RCJ-WGC |
| vs. | **ORDER** |
| ISIDRO BACA et al., | |
| Defendants. | |

This is a prisoner civil rights action brought under 42 U.S.C. § 1983. On March 25, 2015, the Court denied Plaintiff's objections to three orders of the Magistrate Judge. (ECF No. 110). The first order denied Plaintiff's motion to strike or exclude Plaintiff's deposition. The second order granted Defendants' motion to extend the discovery deadline, without awaiting Plaintiff's response. And the third order denied Plaintiff's motion to strike his deposition transcript and Defendants' reply to their motion to dismiss.

The Court found that the first order was not clearly erroneous because the Magistrate Judge "had approved Plaintiff's deposition" and Plaintiff had otherwise consented to the deposition through his participation. (Mar. 25, 2015 Order 1–2, ECF No. 110). As to the second order, the Court determined that was no error in extending the discovery deadline prior to Plaintiff's response because "[t]here was good cause" to do so and the extension simply preserved the status quo by not affecting the parties' rights. (*Id.* at 2–3 (citing *In re Victoria*

*Station, Inc.*, 875 F.2d 1380, 1386 (9th Cir. 1989)).  The third order was likewise not erroneous because the documents Plaintiff sought to exclude "were neither pleadings subject to Rule 12(f), nor scandalous or impertinent . . . ." (*Id.* at 3).  Plaintiff now requests that the Court alter, amend, or otherwise reconsider its March 25, 2015 Order. (ECF No. 111).

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).  Reconsideration is appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).  Nor is it appropriate "for a party to raise a new argument on a motion for reconsideration." *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Here, Plaintiff has not demonstrated that a reversal of the Court's prior decision is justified.  Plaintiff offers no newly discovered evidence or change in the controlling law.  As such, the Motion should be granted only if the Court committed clear error or its initial denial of Plaintiff's objections was unjust.  The arguments Plaintiff raises in the present Motion pertaining to the propriety of his deposition are the same as those before the Court previously.  The Court declines to rehash what it has already ruled upon. *Brown*, 378 F. Supp. 2d at 1288.

This notwithstanding, Plaintiff contends that the Court's finding that he consented to the deposition is clearly wrong not only because he provided written objections prior to the

1  deposition, but also because on the day of the deposition he was forced to appear and answer
2  questions under duress. (Mot. for Recon. 8, ECF No. 111).  There is no evidence in the record,
3  beyond Plaintiff's own affidavit submitted in support of this Motion, that Plaintiff was threatened
4  with punishment if he failed to cooperate during the deposition.  And in fact, the portions of the
5  deposition transcript submitted to the Court include no indication that Plaintiff was responding to
6  the questions under duress. (*See generally* Voss Dep., ECF No. 112-4).[1]  Therefore, Plaintiff has
7  failed to provide facts of a "strongly convincing nature" to persuade the Court to reverse its prior
8  decision. *Frasure*, 256 F. Supp. 2d at 1183.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Alter or Amend (ECF No. 111) is DENIED.

IT IS SO ORDERED.

Dated: April 30, 2015

_____
ROBERT C. JONES
United States District Judge

---

[1] The Court acknowledges that Defendants have provided only excerpts of the deposition and if evidence of duress were present elsewhere in the transcript, it may not have been included. However, as previously noted by both the Magistrate Judge and this Court, Plaintiff has been given a copy of the transcript and if evidence of duress was present therein, Plaintiff certainly could have provided the relevant excerpts.