# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN FLOYD VOSS, | ) |
| Plaintiff, | ) 3:14-cv-00066-RCJ-WGC |
| vs. | ) |
| ISIDRO BACA et al., | ) ORDER |
| Defendants. | ) |

Plaintiff is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"). He has sued several Defendants in this Court under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and 42 U.S.C. § 1983 based on the denial of his ability to obtain a prison job, changes in his housing assignment, and constitutional violations with respect to the handling of his grievances. The Magistrate Judge has submitted a Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's motion for partial offensive summary judgment as to the ADA and RA claims, deny Defendants' motion to dismiss the ADA and RA claims, and grant Defendants' motion for defensive summary judgment as to the § 1983 claims.

The Court adopts the R&R as to the summary judgment motions but respectfully rejects it as to the motion to dismiss. Rather, the Court dismisses the ADA and RA claims, with leave to

amend, because Defendants are correct that Plaintiff has not made out a prima facie case of discrimination.[1] The R&R addresses Defendants' motion to dismiss as if it were a counter-motion for summary judgment under Rule 56(a). But under Rules 8(a) and 12(b)(6), the Court must consider only the sufficiency of the allegations in the Complaint when addressing the motion to dismiss, and the Court finds the allegations to be insufficient to state a plausible claim of discrimination.

Under the ADA, "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "The term 'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.* § 12111(8). Accordingly, an ADA discrimination Plaintiff must allege that he is "disabled" within the meaning of the ADA, that he is a "qualified individual" under the ADA, and that the employer took unfavorable employment action against him because of his disability. *See, e.g.*, *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996). Even assuming Plaintiff has alleged a disability and rejection for employment because if it, he has not plausibly alleged that he is a qualified individual. That is, he has not identified any position with Defendants that he desires to have, and of which he can perform the essential functions with or without reasonable accommodation. Plaintiff alleges he is a qualified individual in conclusory fashion only, (*see* Compl. 4(b), ECF No. 1-2), which is not enough, *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Bell Atl. Corp. v. Twombly*,

---

[1] The RA claim stands or falls with the ADA claim. *See, e.g.*, *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999).

550 U.S. 544, 556 (2007)).  Plaintiff pleads as if he believes that "qualified person with a disability," means *any person* with a disability under the ADA, but that is not the case.  Being a "qualified individual" under the ADA is a separate requirement in addition to having a "disability" under the ADA.  Even where Plaintiff alleges he was rejected for employment by NDOC wholesale for any job at all, he must at least allege that there was *some* position that he desired and of which he was, with or without reasonable accommodation, able to perform the essential functions.  The Court will give Plaintiff leave to amend to plead prima facie ADA and RA claims.

## CONCLUSION

IT IS HEREBY ORDERED that the R&R (ECF No. 129) is ADOPTED IN PART and REJECTED IN PART.

IT IS FURTHER ORDERED that the Motion for Partial Summary Judgment (ECF No. 39) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 74) is GRANTED, with leave to amend.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 117) is GRANTED.

IT IS SO ORDERED.

Dated this 6th day of August, 2015.

_____
ROBERT C. JONES
United States District Judge