# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN FLOYD VOSS,<br><br>        Plaintiff,<br><br>vs.<br><br>ISIDRO BACA et al.,<br><br>        Defendants. | 3:14-cv-00066-RCJ-WGC<br><br>**ORDER** |

Plaintiff is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"). He has sued several Defendants in this Court under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and 42 U.S.C. § 1983 based on the denial of his ability to obtain a prison job, changes in his housing assignment, and constitutional violations with respect to the handling of his grievances. The Magistrate Judge submitted a Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's motion for partial offensive summary judgment as to the ADA and RA claims, deny Defendants' motion to dismiss the ADA and RA claims, and grant Defendants' motion for defensive summary judgment as to the § 1983 claims. The Court adopted the R&R as to the summary judgment motions but rejected it as to the motion to dismiss, dismissing the ADA and RA claims, with leave to amend, because Plaintiff had not made out a prima facie case of discrimination.

As the Court noted, under the ADA, "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  "The term 'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.* § 12111(8).  Accordingly, an ADA discrimination Plaintiff must allege that he is "disabled" within the meaning of the ADA, that he is a "qualified individual" under the ADA, and that the employer took unfavorable employment action against him because of his disability. *See, e.g.*, *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996).  The Court ruled that even assuming Plaintiff had alleged a disability and rejection for employment because if it, he had not plausibly alleged that he is a qualified individual.  That is, he had not identified any position with Defendants that he desires to have, and of which he can perform the essential functions with or without reasonable accommodation.  Plaintiff had alleged he was a qualified individual in conclusory fashion only, (*see* Compl. 4(b), ECF No. 1-2), which is not enough, *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  Plaintiff pled as if he believed that "qualified person with a disability," meant *any person* with a disability under the ADA, but that is not the case.  Being a "qualified individual" under the ADA is a separate requirement in addition to having a "disability" under the ADA.  Even where Plaintiff alleged he was rejected for employment by NDOC wholesale for any job at all, he must at least allege that there was *some* position that he desired and of which he was, with or without reasonable accommodation, able to perform the essential functions.

In his motion to reconsider, Plaintiff argues that the Court misconstrued his claim as one under Title I of the ADA (employment) as opposed to Title II of the ADA (public services). But the standards for pleading claims under the two titles are the same in all essential respects. *See Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1171–73 (9th Cir. 2002). A Title II ADA Plaintiff must allege that he is a qualified individual, i.e.:

> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

*Id.* (quoting 42 U.S.C. § 12131(2)). Relevant "modifications to the rules, policies, and practices" in the context of prison jobs offered as "services, programs, or activities of a public entity" under Title II would be accommodations concerning the requirements of those jobs. That is, Plaintiff must allege that he met the essential eligibility requirements for participation in some prison job, with or without reasonable accommodations. In other words, where the public program at issue is a job program, pleading a Title II claim as to participation in the program will be like pleading a Title I employment claim in all essential respects.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF Nos. 136, 138) is DENIED.

IT IS SO ORDERED.

Dated this 26th day of August, 2015.

_____
ROBERT C. JONES
United States District Judge